UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>OMAR PEREZ-OCHOA and JOHN RADERMACHER,<br><br>Defendants. | 4:21-CR-40097-KES<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART RADERMACHER'S MOTION TO SEVER |

Defendants, Omar Perez-Ochoa and John Radermacher, are charged in a three-count Superseding Indictment. Docket 245. Both defendants are charged in Count 1, which charges conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Id.* at 1. This conspiracy allegedly began on an unknown date and continued until on or about July 7, 2021. *Id.* Count 2 alleges that Perez-Ochoa and another defendant, who has since pleaded guilty, conspired to launder monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (h), and that the property involved in these financial transactions represented the proceeds of a conspiracy to distribute a controlled substance. *Id.* at 1-2; Docket 258. Like Count 1, the money laundering conspiracy allegedly began on about January 2018 and continued until on or about July

7, 2021. *Id.* at 1. Count 3 charges Perez-Ochoa with conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, and it alleges that this conspiracy occurred between approximately May 1, 2021, and June 30, 2021. *Id.* at 2. Radermacher moves to sever his trial from Perez-Ochoa's trial under Federal Rules of Criminal Procedure 8(b) and 14(a). Docket 263. The government opposes this motion. Docket 271.

## DISCUSSION

### I. Radermacher and Perez-Ochoa Are Properly Joined as to Counts 1 and 2, but They Are Not Properly Joined as to Count 3

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). Rule 8 is to be "liberally construed" in favor of joinder. *United States v. Andrade*, 788 F.2d 521, 529 (8th Cir. 1986) (citing *United States v. Bledsoe*, 674 F.2d 647, 655 (8th Cir. 1982)), *abrogated on other grounds by United States v. Lane*, 474 U.S. 438 (1986)). "[T]he propriety of the joinder must appear on the face of the indictment." *Andrade*, 788 F.2d at 529 (citing *United States v. Sanders*, 563 F.2d 379, 382 (8th Cir. 1977)).

Rule 8 allows for the joinder of defendants when "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). This Rule "requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every

defendant need not have participated in or be charged with each offense." *Bledsoe*, 674 F.2d at 656. "In order to be part of the 'same series of acts or transactions,' acts must be part of one overall scheme about which all joined defendants knew and in which they all participated." *Id.* (citing *United States v. McKuin*, 434 F.2d 391, 395-96 (8th Cir. 1970)). Similarity of offenses or a common modus operandi are not sufficient bases for joinder under Rule 8(b). *See id.*

When not all defendants are charged in each count, the Eighth Circuit "has recognized that when 'the indictment invites joint proof . . . prima facie validity of joinder is shown.'" *United States v. Rimell*, 21 F.3d 281, 289 (8th Cir. 1994) (alteration in original) (citing *United States v. O'Connell*, 841 F.2d 1408, 1432 (8th Cir. 1988)). For example, joinder was proper in *Rimell* because "[t]he conduct charged in the bankruptcy fraud counts" against one defendant "followed and was a result of the conduct at issue in the bank fraud counts" that were levied against a second defendant. *Id.*; *see also O'Connell*, 841 F.2d at 1432 (proper to join defendant charged with single marijuana conspiracy offense with defendant charged with fraudulent tax return offense because "[p]roof of the tax count . . . required evidence of income from the sale of illegal drugs").

As with other types of offenses, "[a] series of conspiracies may be joined in one prosecution if they otherwise satisfy the test of Rule 8(b)." Wright & Miller, 1A Fed. Prac. & Proc. Crim. § 145 (5th ed. Apr. 2022); *see also United States v. Garcia*, 848 F.2d 1324, 1333 (2d Cir. 1988), *rev'd on other grounds*

3

*sub nom. Gomez v. United States*, 490 U.S. 858 (1989) ("[T]he government may [not] arbitrarily jointly try defendants alleged to have engaged in unrelated conspiracies, for the rules governing joinder and severance still apply."). This means that, where not all defendants are charged in each conspiracy, the conspiracies must be part of one overall scheme. *See United States v. Velasquez,* 772 F.2d 1348, 1353 (7th Cir. 1985) ("The indictment need not charge a single overarching conspiracy, provided the separate conspiracies it charges arise from a common plan or scheme and so could alternatively have been charged as a single conspiracy."); *United States v. Grassi,* 616 F.2d 1295, 1303 (5th Cir. 1980) (finding joinder proper because "[t]he count 1 conspiracy sprang from the count 2 conspiracy, and served partly to develop the organization needed to accomplish the count 2 conspiracy[,]" and because "[b]oth conspiracies were alleged to have been formed during the same meetings by the same central participants"). "[D]efendants charged with two separate albeit similar conspiracies having one common participant are not, without more, properly joined." *United States v. Welch,* 656 F.2d 1039, 1049 (5th Cir. 1981).

### A. Counts 1 and 2

Radermacher argues that joinder with Perez-Ochoa is improper because "[i]t is neither alleged nor supported in the discovery material that Defendant Radermacher participated in the common scheme or plan to distribute controlled substances in the same region, nor under the same terms and conditions of the other co-defendants." Docket 263 at 2. This is plainly

4

incorrect as to Count 1 because the Superseding Indictment alleges that "Omar Perez-Ochoa and John Radermacher[] did knowingly and intentionally combine, conspire, confederate, and agree together . . . to knowingly and intentionally distribute 500 grams or more of a mixture and substance containing methamphetamine[.]" Docket 245 at 1. But this allegation is sufficient to join defendants as to Count 1 because the propriety of joinder is determined from the face of the indictment. *See Andrade*, 788 F.2d at 529.

Count 2 alleges that, during at least part of the same period as the conspiracy alleged in Count 1, Omar Perez-Ochoa and another co-defendant conspired to launder monetary instruments and the property involved in these financial transactions represented the proceeds of a conspiracy to distribute a controlled substance. Docket 245 at 1-2. Although Radermacher is not charged in this count, every defendant "need not have participated in or be charged with each offense" for joinder to be proper. *Bledsoe*, 674 F.2d at 656. Because Count 2 alleges that the conspiracy to launder money involved the proceeds of the conspiracy alleged in Count 1, the court finds that the defendants are properly joined as to Count 2. *See O'Connell*, 841 F.2d at 1432.

### B. Count 3

Count 3 charges only Perez-Ochoa with conspiracy to distribute a mixture or substance containing methamphetamine. Docket 245 at 2. The period alleged for this conspiracy overlaps with the period alleged in Count 1. *See id.* at 1-2. Neither Radermacher nor any other co-defendants are named in Count 3. *Id.* at 2.

The government addresses only Counts 1 and 2 in its opposition to Radermacher's motion to sever. Docket 271. But as the government acknowledges, "Rule 8(b) requires that there be some common activity involving *all* of the defendants which embraces *all* the charged offenses[.]" *Id.* at 1 (emphases added) (citing *Bledsoe*, 674 F.2d at 655). There are no allegations in the Superseding Indictment that the conspiracy in Count 3 was a subsidiary conspiracy of either Count 1 or Count 2, or that the Count 3 conspiracy was part of an overall scheme that also encompasses Counts 1 and 2. *See* Docket 245. Although Perez-Ochoa is charged in all three conspiracies, a common participant, without more, does not make joinder proper. *See Welch*, 656 F.2d at 1049.

To the extent that the government's statement that Radermacher and Perez-Ochoa "are charged as being involved in a similar conspiracy" could be construed as referencing Count 3, "the same or similar conduct" is not sufficient for joinder of defendants. Docket 271 at 2; *Bledsoe,* 674 F.2d at 656 ("Rule 8(b) does not allow joinder on the same basis as [R]ule 8(a); the words 'same or similar character' are specifically omitted from [R]ule 8(b)."); *United States v. Jones*, 880 F.2d 55, 61 (8th Cir. 1989) ("[T]he government may not tack 8(a) and 8(b) together and in one indictment charge different defendants with committing unrelated offenses of 'similar character.' " (quoting *Velasquez,* 772 F.2d at 1352)). Likewise, the government's assertion that "the evidence used to indict both is similar" also does not make joinder proper

6

because joinder is evaluated on the face of the indictment.[1] *Andrade*, 788 F.2d at 529. Thus, the court finds that joinder of the defendants in a Superseding Indictment that includes Count 3 is improper. Because the court finds that joinder is improper, it does not need to consider whether severance should be granted under Rule 14.

## CONCLUSION

Because the defendants are properly joined as to Counts 1 and 2, but not properly joined as to Count 3, it is

ORDERED that Radermacher's motion to sever (Docket 263) is granted in part and denied in part. Trial remains set for both defendants for October 28, 2022, for Counts 1 and 2 of the Superseding Indictment. Trial for Count 3 against Perez-Ochoa will be set following the conclusion of the first trial.

DATED October 11, 2022

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[1] Because the conspiracies alleged in Counts 1 and 3 involve the same quantity of the same drug and they allegedly occurred during an overlapping period, there must be material evidence that does *not* overlap between these conspiracies. Otherwise, charging Perez-Ochoa in both counts would violate double jeopardy. *See United States v. Roy*, 408 F.3d 484, 491 (8th Cir. 2005) ("Multiple punishments for the same criminal offense are barred by the Double Jeopardy Clause of the Fifth Amendment. In order to show a violation of that clause, a defendant must show that the two offenses charged are in law and fact the same offense." (internal citation omitted)).